# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT BEAUMONT DIVISION

JOSEPH SMITH
PLAINTIFF

Civil No. 1:22-CV-00073

BRIAN COLLIER,
CHRISTOPHER NORSWORTHY,
TYLER SELLERS, ANGELA
JONES. INDIVIDUAL CAPACITIES
DEFENDANTS

AMENDED COMPLAINT

## I. JURISDICTION AND VENUE

1.) THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a)(3).

2) THE EASTERN DISTRICT OF TEXAS IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED.

## II. PLAINTIFF

3) PLAINTIFF JOSEPH SMITH, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF TEXAS, INCARCERATED AT STILES UNIT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN BEAUMONT, TEXAS.

## III. DEFENDANTS

4) DEFENDANT BRIAN COLLIER WAS AND IS "TDCJ" DIRECTOR OF ALL TEXAS DEPARTMENT OF CRIMINAL JUSTICE PRISONS IN TEXAS.

5) DEFENDANT NORSWORTHY IS AND WAS AT ALL TIMES MENTIONED HEREIN THE WARDEN OF STILES UNIT "TDCJ" TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN BEAUMONT, TEXAS.

6) DEFENDANT TYLER SELLERS IS AND WAS AT ALL TIMES MENTIONED HEREIN A MAILROOM SUPERVISOR AT STILES UNIT "TDCJ" TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN BEAUMONT, TEXAS.

7) DEFENDANT ANGELA JONES IS AND WAS A MAILROOM SUPERVISOR AT STILES UNIT "TDCJ" TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN BEAUMONT, TEXAS.

8) EACH DEFENDANT IS SUED IN THEIR INDIVIDUAL CAPACITIES. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## III. FACTS

The Plaintiff received a Kite Magazine, Issue 3, Volume 3 at the Stiles Unit Mailroom. The publication was denied, because of one page. I was given the options of destroy the publication, or send home. I first asked Defendant Sellers to remove the one page, so I could have the magazine. She told me she couldnt do that, but the Mailroom SOP/ Uniform Inmate Correspondence Rules: BP-03.91 (2020) says otherwise.

## IV. HANDLING INMATE CORRESPONDENCE

B. If contraband is found in an incoming letter or publication the contraband "shall" be removed from the letter or publication, if possible. If contraband cannot be removed from letter or publication, they shall not be delivered to the inmate.

Defendant Sellers was personally involved, and she did not even attempt to remove the one page, which is clear violation of their posted mailroom policy. So the Plaintiff chose to send the publication home, after Plaintiff put his home address on the correspondence/contraband denial form. Defendant Sellers signed the form, as did the Plaintiff.

THIS HAPPENED ON APRIL 26, 2022. DEFENDANT SELLERS IS NOW RESPONSIBLE FOR PLAINTIFFS PROTECTED PROPERTY. BECAUSE OF DEFENDANT SELLERS RECKLESS ADHERENCE TO MAILROOM SOP, IT "CAUSED" THE PLAINTIFFS PROTECTED PROPERTY TO BE DESTROYED. BY NOT KEEPING HIS PROPERTY IN A SAFE PLACE.

DEFENDANT JONES WAS PERSONALLY INVOLVED IN THE INCIDENT BY DESTROYING THE PLAINTIFFS PROTECTED PROPERTY THE SAME DAY APRIL 26, 2022. THIS SHOWS RECKLESS DISREGARD TO CHECK AND MAKE SURE THIS IS THE CORRECT PROCEDURE.

THE PLAINTIFF DID NOT GET A NOTIFICATION FROM THE MAILROOM ABOUT THE DESTRUCTION OF HIS PROPERTY. HE WAS NOT TOLD UNTIL JUNE 16, 2022 WHEN PLAINTIFF CAME TO THE MAILROOM TO MAIL HOME THE PUBLICATION.

BOTH DEFENDANTS SELLERS, AND JONES VIOLATED THE FOLLOWING TDCJ POLICY AND PROCEDURES:

DEFENDANT SELLERS - PD-22 RULE 13 AND PD-22 RULE 23.
DEFENDANT JONES - PD-22 RULE 23.

PRIOR TO THE ABOVE STATED INCIDENT, THE PLAINTIFF FILLED OUT (2) I-60 INMATE REQUEST FORM TO WARDEN NORSWORTHY ON OCTOBER 1, 2021 AND APRIL 26, 2022. PLAINTIFF EXPLAINED THE ISSUES ABOUT WHAT THE STILES MAILROOM WAS DOING.

THE PLAINTIFF STATED IN THE I-60'S THAT HIS FIRST AMENDMENT RIGHT WAS VIOLATED, AND THE VIOLATIONS OF TDCJ MAILROOM PROCEDURES. DEFENDANT NORSWORTHY HAD PRIOR KNOWLEDGE ABOUT ISSUES OF THE MAILROOM DENYING INCOMING LETTER MAIL FOR INMATES THAT HAD STICKERS ON THEM OR THE LETTER BEING ON COLORED PAPER. AND ALSO DENYING INMATE A COPY OF SAID LETTER.

DEFENDANT NORSWORTHY DID NOT RESPOND TO PLAINTIFFS I-60'S REGARDING THE CONSTITUTIONAL VIOLATIONS. HE HAS FAILED TO ACT, THERE BY ALLOWING THE IMPLEMENTED POLICY THAT VIOLATES A NON-PRISONER TO INMATE (INCOMING LETTER MAIL) FIRST AMENDMENT RIGHT AND FOURTEENTH AMENDMENT RIGHT (EQUAL PROTECTION OF LAW). DEFENDANT NORSWORTHY IS IN VIOLATION OF TDCJ POLICY AND PROCEDURES. PD-22 RULE 7.

ONCE YOU HAVE NOTIFIED AN OFFICER OR WARDEN THEY CANNOT DISREGARD IT. THEY MUST INVESTIGATE AND ALSO DRAW THE INFERENCE. THIS DID NOT HAPPEN. THIS SHOWS RECKLESS DISREGARD FOR A U.S. CITIZENS PROTECTED RIGHTS.

DEFENDANT COLLIER WAS NOTIFIED ABOUT THE MAILROOM ISSUES PRIOR TO THE DESTRUCTION OF PLAINTIFFS PUBLICATION. HE HAS FAILED IN HIS DUTY TO ENSURE THAT TDCJ POLICIES AND PROCEDURES ARE NOT IMPLEMENTED THAT VIOLATE CONSTITUTIONAL RIGHTS. HIS INACTION AND RECKLESS DISREGARD ALLOWED FOR THE IMPLEMENTATION OF A POLICY THAT VIOLATES INMATES RIGHTS AS WELL AS NON-PRISONER INCOMING MAIL TO PRISONERS RIGHTS.

DEFENDANT COLLIER IS IN VIOLATION OF TDCJ POLICY AND PROCEDURE. PD-22 RULE 7.

THE PLAINTIFF ON OCTOBER 3, 2021 MAILED A LETTER TO DEFENDANT COLLIER CONCERNING THE MAILROOM VIOLATIONS. NO ACTION HAS BEEN TAKEN.

## IV LEGAL CLAIMS

1) PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE:

2) DEFENDANT COLLIERS INACTION AND RECKLESS DISREGARD AFTER BEING NOTIFIED, ALLOWED A VIOLATION OF PLAINTIFFS FIRST AMENDMENT, AND FOURTEENTH AMENDMENT RIGHT. AS WELL AS THE NON-PRISONER WHO IS SENDING THE INCOMING MAIL.

3) DEFENDANT NORSWORTHY FAILED TO ACT AND HIS INACTION AND DISREGARD FOR INMATES CONSTITUTIONAL

RIGHTS AND BY NOT ENFORCING SAFEGUARDS TO PROTECT FROM VIOLATIONS OF PLAINTIFF'S RIGHTS. DEFENDANT NORSWORTHY VIOLATED PLAINTIFFS FIRST AMENDMENT, AND FOURTEENTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION.

4)   DEFENDANT SELLERS ACTIONS VIOLATED TDCJ POLICY, THE TEXAS CONSTITUTION Article I. BILL OF RIGHTS SEC. 17, AND SEC. 19, AS WELL AS PLAINTIFFS FIRST AMENDMENT RIGHT, FOURTEENTH AMENDMENT, AND DUE PROCESS RIGHT OF THE UNITED STATES CONSTITUTION.

5)   DEFENDANT JONES ACTIONS VIOLATED TDCJ POLICY, THE TEXAS CONSTITUTION Article I. BILL OF RIGHTS SEC. 17, AND SEC. 19, AS WELL AS PLAINTIFFS FIRST AMENDMENT RIGHT, FOURTEENTH AMENDMENT, AND DUE PROCESS RIGHT OF THE UNITED STATES CONSTITUTION.

6)   PLAINTIFF JOSEPH SMITH HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN HARMED BY THE ACTIONS OF THE DEFENDANTS AND WILL CONTINUE TO BE HARMED UNLESS THE COURT GRANTS RELIEF WHICH PLAINTIFF SEEKS.

## V. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THE COURT ENTER JUDGEMENT:

GRANTING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $30,000 AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

GRANTING PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $30,000 AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

PLAINTIFF ALSO SEEKS RECOVERY OF HIS COSTS. IN THIS SUIT. AND,

ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

DATED: 12/02/22

RESPECTFULLY SUBMITTED,
x Joseph Smith #1584776
*Print*
*Joseph Smith* (sign)
3060 FM 3514
Beaumont, Tx. 77705

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE AND CORRECT. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT JEFFERSON. COUNTY ON 12/02/22

Joseph Smith
*Print*
x *Joseph Smith*
*Sign*