IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH WAYNE SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-73 |
| TDCJ-CID, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Joseph Smith, an inmate confined at the Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants the Texas Department of Criminal Justice ("TDCJ"), Tyler Sellers, Director Brian Collier, Angela Jones, and Captain Christopher Norsworthy.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Background

This case was severed from Civil Action Number 1:22cv14 on February 22, 2022 (doc. # 1). The Original Petition for Injunctive Relief was handwritten, vague, and originally filed as a class action. In order to properly screen this complaint, the undersigned ordered Plaintiff to re-file the complaint on a form application for prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. # 17). The form complaint was provided to Plaintiff by the Clerk of Court. *Id*.

---

[1] Plaintiff sued Defendant Norsworthy as Captain, but later refers to him as Warden. Regardless of the title, Plaintiff's allegations against Defendant Norsworthy involve his role as a supervisor.

Plaintiff complied and re-filed his complaint on the form application on August 1, 2022 (doc. # 19). Plaintiff alleges (1) Defendant Collier failed in his duty to enforce Plaintiff's First Amendment rights, (2) that Defendants Sellers and Jones failed to follow protocol in sending publications to Plaintiff's house as instructed, allowing it to be destroyed, and (3) that Defendant Norsworthy failed to enforce safeguards which caused a deprivation to Plaintiff's First Amendment rights. *Id*. Plaintiff also provided the following regarding the statement of his claim:

> All Defendants are derelict in safeguarding the plaintiff's First Amendment right. 1. Brian Collier has failed to enforce safeguard protocol PD-22 code 13 - failure by inaction causing a level 2 violation. 2. Warden Norsworthy failed to prevent mistreatment of offender denying First Amendment right under Federal Constitution. T. Sellers and Ms. Jones failed to follow regulation violating PD 22 code 13 under order to send paid publication home failure caused its destruction depriving the plaintiff of his protected property.

*Id*., pg. 4.

As the pleading was vague, the undersigned ordered Plaintiff to respond to the following specific questions:

1.  You argue Defendant Collier failed in his duty to enforce your First Amendment rights. How specifically did Defendant Collier fail in his duty? What was he made aware of, when, and what was his response?

2.  You allege Defendants Sellers and Jones failed to follow protocol in sending a publication to your home. What publication are you referring to, why did it need to go to your home, and how specifically did Defendants Sellers and Jones fail to follow protocol? Be specific as to each Defendant.

3.  You allege Defendant Norsworthy failed to enforce safeguards of your First Amendment rights causing a deprivation. How specifically did Defendant Norsworthy fail to enforce safeguards, what safeguards were they and how were your First Amendment rights deprived? What was Defendant Norsworthy made aware of, when, and what was his response?

Order to Replead (doc. # 20). Plaintiff responded with an "amended pleading," answering the following:

1. Defendant Collier failed in his duty to ensure that TDCJ policies and procedures do not violate an American citizens rights that are protected by the U.S. Constitution, Texas Constitution, its laws and statutes that are guaranteed.

    By the inaction of Defendant Collier to respond to such violations that are continuous in nature, and still occurring at Mark Stiles Unit, TDCJ mail room, Defendant Collier is in violation of TDCJ's policy directive PD-22, in which Defendant Collier violated PD-22 Rule 7. Substandard duty performance.

    On October 3rd 2021 a letter to Defendant Collier was put in the mail drop box for outgoing mail. In the letter I told him about how the Stiles Unit mail room was denying inmates letter mail for having stickers on the letter, or the letter being wrote on coloured [sic] paper. I asked in my letter, was it legal for the mail room on Stiles Unit to also deny the inmates a copy of the letter? I also explained to Defendant Collier that on one occasion I received a letter with stickers on it. The mail room told me the whole letter is denied because of stickers on the letter. I asked the mail room to remove the stickers. They stated they couldn't, so I asked them if they would give me a copy of my letter. I was also denied that option.

    To my knowledge, Defendant Collier never responded to that letter about the mail room I sent him.

2. The publication I am referring to is Kite Magazine, Issue 3, Vol. 3. It was denied by DRC, I wanted the magazine sent home so it would not get destroyed.

    Defendant Sellers wrote down my address on the denial form of where the magazine was to be mailed to. Defendant Sellers should have made sure that the Plaintiffs [sic] property was secured until his return back to the mail room, with stamps and envelope to send home his property. Defendant Sellers failure to secure the Plaintiffs [sic] property, resulted in violation of TDCJ policy and procedures:

    PD-22 Rule 13. Failure to obey a proper order from an authority.
    PD-22 Rule 23. Mistreatment of offenders unauthorized/illegal denial of privileges or entitlements.

    Also, Defendant Sellers action resulted in violation of the Texas Constitution, Article 1, Bill of Rights.

    Sec. 17 - taking property for public use; special privileges, and immunities; control of privileges and franchises.

>> Sec. 19 - Deprivation of life, liberty, property, etc. by due course of law.
>
> Defendant Jones violated PD-22 Rule 23 and Sec. 17 and Sec. 19 of the Texas Constitution, Article 1, Bill of Rights.
>
> Defendant Jones's actions resulted in the destroying of the Plaintiffs [sic] property when it was suppose [sic] to be mailed home.
>
> 3. Defendant Norsworthy failed to ensure that no TDCJ policy or procedure on Stiles Unit, in Beaumont, Texas violated anyone's protected rights. These rights are safeguarded in the U.S. Constitution, the Texas Constitution and Bill of Rights.
>
> Defendant Norsworthy's inaction has caused his own violation of TDCJ policy and procedure:
>
> PD-22 Rulle 7 substandard duty performance. Defendant Norsworthy continues to allow the Stiles Unit mail room [to] violate and deprive people of rights that are protected, and guaranteed by law of the land.
>
> My First Amendment right was violated by taking my protected letter mail, which is communication and denying me a copy of that letter, thereby depriving me of my right, and property.
>
> Also, Defendant Norsworthy was sent (2) I-60's inmate request to official. One I-60 was sent on October 1, 2021 the other I-60 was sent on April 26, 2022. This I-60 was about destroying my kite magazine without my consent.
>
> And still to this day I have not received a response from Defendant Norsworthy.

Amended Pleading (doc. # 25).

On September 29, 2022, the undersigned ordered the defendants to answer or otherwise plead (doc. # 26). Currently pending is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (doc. # 29). In response, Plaintiff filed a Motion for Leave to file an Amended Complaint (doc. # 32), a proposed Amended Complaint (doc. # 33) and a Brief in Opposition (doc. # 38). As there was no opposition to the Motion for Leave to File an Amended Complaint, the motion was granted on December 19, 2022 (doc. # 37).

## The Motion to Dismiss

Defendants move to dismiss the claims against them in their official capacities for monetary damages under Federal Rule of Civil Procedure 12(b)(1) (doc. # 29). As to the claims against them in their individual capacity, Defendants argue (1) Plaintiff failed to allege sufficient facts that the Defendants were personally involved in any alleged constitutional violation under the First Amendment, (2) that he fails to state a claim of a First Amendment violation, and (3) the Defendants are entitled to qualified immunity. *Id*.

## Amended Complaint

In the Amended Complaint, Plaintiff states that he is suing the Defendants in their individual capacities only (doc. # 33). Plaintiff expounds on the personal involvement of each defendant. *Id*.

As to Defendant Sellers, while Plaintiff identifies her as a mail room supervisor, Plaintiff states he asked her to remove the one page of the Kite magazine that was considered contraband on April 26, 2022, so he could keep the magazine. *Id*., pg. 3. In response, Defendant Sellers told Plaintiff she could not do that, contrary to BP-03.91.[2] *Id*. Plaintiff alleges further that because Defendant Sellers refused to remove the page, he chose to send the publication home, completing a form requesting that it be done, which Defendant Sellers and Plaintiff signed. *Id*. Plaintiff states, "because of Defendant Sellers reckless adherence to mail room SOP, it 'caused' the Plaintiffs [sic] protected property to be destroyed by not keeping his property in a safe place." *Id*.

Plaintiff next alleges that Defendant Jones, also identified as a mail room supervisor, was personally involved in the incident by destroying his protected property that same day. *Id*., pg. 4. Plaintiff complains this was in "reckless disregard to check and make sure this is the correct

---

[2] Plaintiff alleges that BP-03.91 states, "if contraband is found in an incoming letter or publication, the contraband 'shall' be removed from the letter or publication, if possible. If contraband cannot be removed from [the] letter or publication, they shall not be delivered to the inmate." *Id*.

procedure" and that he did not get a notification from the mail room about the destruction of his property. *Id*. Plaintiff contends he was not told until June 16, 2022, when Plaintiff went to the mail room to mail home the publication. *Id*.

With respect to Defendant Norsworthy, Plaintiff states that prior to the incident with the Kite publication, he completed two I-60 Inmate Request forms to Norsworthy on October 1, 2021, and April 26, 2022. *Id*. Plaintiff alleges that he complained his First Amendment rights were being violated and explained how the mail room employees were violating TDCJ mail room procedure. *Id*. Plaintiff contends further that Defendant Norsworthy had prior knowledge about issues of the mail room denying incoming letter mail for inmates that had stickers on them or the letter being on colored paper, and also denying inmates a copy of the said letters. *Id*.

Finally, Plaintiff alleges he mailed a letter to Defendant Collier on October 3, 2021, concerning the mail room violations and has yet to receive a response or see any action taken in response. *Id*., pg. 6. Plaintiff complains that Defendant Collier has failed in his duty to ensure that TDCJ policies and procedures are followed and implemented. *Id*.[3]

Reply to Motion to Dismiss

In response to the motion to dismiss, Plaintiff states the following in relevant part:

> The Stiles Unit mail room is in violation of their own regulation by not even attempting to try and remove the contraband if possible. Some letters have stickers on them, or are wrote on color paper. The mail room refuses to remove a sticker from a letter than can be removed. Thereby denying the inmate his mail, which violates his First Amendment right (freedom of expression). If what is written in the letter does not violate the law or policy, the mail room should provide the inmate with a copy of the letter. The mail room should draw the inference and provide a copy.

---

[3] The court notes again that while Plaintiff alleges a First Amendment right violation, Plaintiff by way of his amended complaint does not challenge a specific TDCJ policy that he alleges violated that right. Rather, Plaintiff alleges the defendants failed to follow applicable TDCJ policy in processing his mail.

> Plaintiff Smiths [sic] publication was denied for one page. Plaintiff requested removal of the one page, to be able to get the publication. Mail room denied him this request.

Reply, pg. 5 (doc. # 38).

## Standard of Review

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis added).

## Analysis

*Letter Mail*

Despite numerous opportunities to replead and amend his claims, Plaintiff fails to specify the personal involvement of any of the Defendants in denying Plaintiff the piece of letter mail that

contained stickers. Plaintiff complains that this happened to him one time, but fails to provide any specifics as to the TDCJ employees involved, when it specifically occurred, and what happened to the letter mail. Plaintiff appears to complain more generally that this is an ongoing problem with other inmates at the Stiles Unit. Plaintiff's allegation of a constitutional violation regarding a piece of his letter mail is conclusory. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Alternatively, this claim should be denied on the merits for the foregoing reasons.

    1.    *Jones & Sellers*

A plaintiff in a civil rights case must demonstrate the personal involvement of a defendant to establish his liability under § 1983. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant."). Plaintiff does not allege that either Defendant Jones or Sellers was personally involved in the incident relating to the piece of letter mail that Plaintiff received and contained stickers.

    2.    *Collier & Norsworthy*

With respect to Defendants Collier and Norsworthy, Plaintiff alleges he put them both on notice of the issues with letter mail through I-60 informal complaints, yet no action was taken by either Defendant. The Fifth Circuit has held that supervisory officials are not liable under § 1983

unless "there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citing *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985)). Supervisory liability can also result if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985) (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). Here, while Plaintiff complains that Defendants Collier and Norsworthy were personally involved as he complained to both of them of mail room issues through an I-60, Plaintiff offers no factual allegations to support their personal involvement in the actual refusal to process his letter mail and/or refusal to remove the stickers.

To the extent Plaintiff is suing these Defendants as supervisors, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1983. Section 1983 does not create supervisory or respondeat superior liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dept' of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, Plaintiff does not allege Defendants Collier and Norsworthy were personally involved in any alleged constitutional violation with respect to the processing of his letter

mail. Plaintiff also does not allege these Defendants implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. Plaintiff's complaint is rather that these Defendants failed to ensure that their unidentified subordinates followed written TDCJ policy regarding the processing of mail and then, in turn, violated TDCJ policy in failing to properly supervise them. However, it is well known that a state's failure to follow its own procedural regulations does not constitute a violation of due process if "constitutional minima [have] nevertheless . . . been met." *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (quoting *Brown v. Texas A&M Univ.*, 804 F.2d 327, 335 (5th Cir. 1986)). In *Hudson v. Palmer*, the Supreme Court held that deprivations of property caused by the misconduct of state officials do not infringe on constitutional due process provided adequate state post-deprivation remedies exist. 468 U.S. 517 (1984). In Texas the tort of conversion fulfills this requirement, as well as the grievance process within prisons. Plaintiff offers no factual allegations as to whether he availed himself of either remedy.

Regardless, assuming Plaintiff is alleging that his piece of letter mail was lost or damaged, or its receipt was delayed, Plaintiff still does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson*, 468 U.S. at 517. In Texas, when a state inmate's property is taken without compensation, he has a remedy in state court, not federal court. A prisoner has no viable claim under section 1983 for loss or damage to property unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984).

Texas common law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (noting that for Texas prisoners, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d

162, 164 (5th Cir. 1995). Texas statutory law also provides that inmates may recover up to $500 for lost or damaged property. *See* TEX. GOV'T CODE §§ 501.007, 501.008; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two-year statute of limitations for certain causes of action). Because Texas law provides an adequate post-deprivation remedy, plaintiff's alleged loss of his letter mail, to the extent that is asserted, does not state a violation of the federal Due Process Clause and no federal claim is raised. *See Hudson*, 468 U.S. at 536.

*Kite Publication*

Assuming, without finding, that Plaintiff has sufficiently alleged the personal involvement of all the defendants with respect to the confiscation and destruction of the Kite publication, Plaintiff's complaint boils down to a complaint that the defendants violated TDCJ policy. As previously stated, this is insufficient to state a constitutional violation unless "constitutional minima [have] nevertheless . . . been met." *Jackson*, 864 F.2d at 1251 (quoting *Brown*, 804 F.2d at 335)). In Texas, adequate post-deprivation remedies exist in the form of the grievance process or the Texas tort of conversion. Again, Plaintiff offers no factual allegations as to whether he availed himself of either remedy, nor that the remedies are inadequate.

*Qualified Immunity*

Defendants assert their entitlement to qualified immunity. Plaintiff has wholly failed to respond to such defense. Qualified immunity is a defense available to government officials in their individual capacities under 42 U.S.C. § 1983. *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994). Qualified immunity protects "government officials performing discretionary functions" from liability for civil damages so long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citing *Procunier v. Navarette*, 434 U.S. 555, 565 (1978)).

"When a defendant asserts the defense of qualified immunity and has established that the alleged actions were conducted pursuant to the exercise of his discretionary authority, the burden then shifts to the plaintiff to rebut this defense." *Mumpuku v. Neal*, No. 4:18-CV-00785, 2019 WL 6465315, at *3 (E.D. Tex. Dec. 2, 2019) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)). "Law enforcement officers are entitled to qualified immunity for conduct that 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mendez v. Poitevent*, 823 F.3d 326, 331 (5th Cir. 2016) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). In order to defeat the defense of qualified immunity, "[t]he plaintiff must show '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Mayfield v. Currie*, 976 F.3d 482, 486 (5th Cir. 2020) (quoting *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)). A district court has discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, Plaintiff has failed to allege a constitutional violation and has failed to rebut the affirmative defense of qualified immunity. *See Bowling v. Clerk of Ct., Fifth Dist. Ct. App.*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2526533, at *11 (E.D. Tex. Mar. 8, 2019), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019), *reconsideration denied*, No. 4:18-CV-610, 2020 WL 5096569 (E.D. Tex. Aug. 28, 2020); *Young v. McCain*, 760 F. App'x 251, 255 (5th Cir. 2019) ("The district court's qualified immunity analysis focused upon only the first requirement for that defense—whether the plaintiff alleged a constitutional violation. As this court has acknowledged, if the plaintiff 'has indeed failed to allege a [constitutional] violation, then of course there can be no violation of clearly

established law that would overcome qualified immunity.' Because the district court's determination that Young failed to allege a constitutional violation is consistent with its Rule 12(b)(6) dismissal for failure to state a claim, Young has failed to show any error in this regard.") (quoting *Johnson v. Johnson*, 385 F.3d 503, 530 (5th Cir. 2004)).

*TDCJ*

The undersigned did not order TDCJ to answer as any claim against TDCJ fails as a matter of law. Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Here, as the Eleventh Amendment bars recovery regarding Plaintiff's claims against TDCJ, Plaintiff's claims should be dismissed for failure to state a claim and as frivolous.

Recommendation

Plaintiff's claims against all the individual defendants in their individual capacities should be dismissed for failure to state a claim. Plaintiff's claims against TDCJ should be dismissed for failure to state a claim and as frivolous.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate udge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE